IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLORADO

Civil Action No. 22-457

REPORTHOST LLC,

        Plaintiff

v.

SPECTORA INC.,

        Defendant

---

COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSE ASSOCIATION, COLORADO CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF

**JURY TRIAL DEMANDED**

---

Plaintiff ReportHost LLC asserts the following claims against Defendant Spectora, Inc.

**NATURE OF THE ACTION**

1. Plaintiff ReportHost LLC ("ReportHost") is a Washington limited liability company and a nationally recognized leader in home inspection software. ReportHost develops and licenses software to support home inspectors drafting reports, and has authored more than 15,000 narratives for home inspectors' commercial use.

2. ReportHost's innovative report-building template suites are available to its licensees through ReportHost's software platform. ReportHost's licensees are licensed to use ReportHost's software to access and use particular narrative elements from each of these

templates in building a home inspection report, saving home inspectors time in drafting their own narratives and ensuring the report is well-drafted and thorough.

3. This is an action against Defendant Spectora Inc., a Colorado corporation providing home inspection tools to home inspectors ("Spectora" or "Defendant"), for infringing ReportHost's exclusive rights under the Copyright Act (17 U.S.C. § 101 *et seq.*), the Lanham Act (15 U.S.C. § 1051 *et seq.*), and Colorado's Consumer Protection Act (C.R.S. 6-1-101 *et seq.*), arising out of Defendant' unauthorized use of ReportHost's unpublished works. Defendant committed willful and blatant acts of copyright infringement by improperly using and publishing ReportHost's narratives without authorization for their own financial gain.

4. ReportHost sent a cease and desist letter to Defendant Spectora on March 12, 2020, demanding Defendant Spectora end its unlawful use of the protected home inspection narrative elements and putting Defendant on notice of its violations of federal copyright law. Defendant refuses to come into compliance or remedy their wrongdoing.

5. Spectora's wrongful acts have caused ReportHost to suffer monetary damages. Additionally, ReportHost has suffered injury for which it has no adequate remedy at law, and should therefore be awarded injunctive relief to prevent Spectora from further willful abuse of ReportHost's copyrighted works.

## PARTIES

6. ReportHost is a limited liability company organized under the laws of the State of Washington, with its principal place of business at 10034 43rd Pl. NE, Seattle, WA 98125.

7. ReportHost owns and controls the copyrights and exclusive rights in the software, templates, and corresponding narratives it produces and non-exclusively licenses.

8. Specifically, ReportHost has obtained Certificates of Copyright Registration for its suites of templates, including Registration Numbers TXu002195180 and TXu002195064 (the "Copyrighted Works").

9. On information and belief, Defendant Spectora is a corporation formed and existing under the laws of the State of Colorado, with its registered and principal place of business at 621 Kalamath St., Suite 115, Denver, CO 80204.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 17 U.S.C. § 501(b) because this is an action arising under the copyright laws and trademark laws of the United States, 17 U.S.C. § 101, *et seq.* and 15 U.S.C. § 1051, *et seq.*, seeking damages, injunctive, and other relief.

11. This Court has personal jurisdiction over Spectora because it is a Colorado company with its office and principal place of business at PO Box 630707, Littleton, Colorado.

12. Defendant transact, conduct, and solicit business within Colorado. Defendant committed tortious acts within Colorado, or induced or assisted in the commission of Defendant' tortious acts within Colorado. On information and belief, Defendant may own, use, or possess property in Colorado.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## BACKGROUND FACTS

### Plaintiff ReportHost and its Copyrighted Works

14. ReportHost is a nationally recognized leader in home inspector technology headquartered in Washington.

15. ReportHost has spent years developing language that is suitable for inclusion in a home inspection report. ReportHost has spent considerable time and effort in crafting language that is legible, informative, and professional.

16. The Copyrighted Works comprise expressive content protected under the Copyright Act, 17 U.S.C. Section 101 *et seq.*

17. As owner of the Copyrighted Works, ReportHost has the exclusive right to reproduce, distribute, and license the Copyrighted Works in the United States. The rights include the right to enforce the copyrights and pursue any available legal remedies against infringers of the Copyrighted Works.

18. ReportHost licenses its software, templates, and associated narratives to customers to assist with completion of home inspection reports. Its products are instrumental in addressing the need for breadth of variety and detail in completing these reports in a timely, efficient, and accurate manner.

19. ReportHost's data templates containing its proprietary home inspection narratives are accessed through ReportHost's proprietary software package. This software package allows a licensee customer to choose from a menu of narratives that best suit the customer's needs in completing certain portions of a home inspector report. Based on the customer's decision, ReportHost's software populates a home inspection report by inserting these narratives into the report from the internal data template.

20. ReportHost does not offer its templates for public consumption, or as stand-alone products to its licensees. ReportHost's customers must use ReportHost's software platform to choose a template and then select specific narratives to insert into the draft home inspection report.

21. Critical to the success of its business, ReportHost protects its Copyrighted Works under the terms of a Terms of Service agreement ("TOS"). The TOS explicitly provides that ReportHost, as licensor, does not sell its templates or its narratives to its customers, and that ReportHost narratives are only accessible through ReportHost's software platform.

22. In consideration of a customer's compliance with the terms of the TOS and payment of the license fee, ReportHost grants its legitimate customers, as licensees, a non-exclusive, non-sublicenseable, non-transferable, limited license to use the reports they generate

through ReportHost's software and under the terms of the TOS.

23. To safeguard its Copyrighted Works, ReportHost implements security measures to discover and deter unauthorized use.

24. ReportHost has earned a good reputation by working with its licensees to deliver and maintain excellent solutions at fair prices.

25. ReportHost offers access to its software platform and the license to use its narratives using established price lists. The pricing charged is a reasonable fee in the relevant marketplace.

26. The Copyrighted Works contain expression wholly original to ReportHost and consist of copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. Section 101 *et seq*.

27. ReportHost has not provided authorization, permission, or consent to Defendant to use, reproduce, or publish ReportHost's Copyrighted Works, or to exercise any other rights affecting ReportHost's copyrights with respect to the Copyrighted Works.

**Defendant Spectora**

28. On information and belief, Defendant Spectora operates in the home inspection industry by providing a suite of tools to its home inspector clients ("Spectora's Clients") for these home inspectors to use in their business.

29. On information and belief, one of these tools is access to a library of "templates" for Spectora's Clients to use in generating a home inspection report (the "Spectora Library").

30. On information and belief, Defendant Spectora invites and encourages use of the data templates in the Spectora Library.

31. On information and belief, the Spectora Library contains unauthorized copies of ReportHost's data templates.

32. On information and belief, Defendant Spectora hosts home inspector reports

authored by Spectora's Clients.

33. On information and belief, Defendant Spectora encourages Spectora's Clients to create a "sample report" that may be viewed publicly by those interested in procuring the services of Spectora's Clients.

34. On information and belief, Defendant Spectora encourages Spectora's Clients to upload an existing report (each an "Existing Report") to Defendant Spectora's platform that will serve as the basis for the "sample report."

35. On information and belief, these "sample reports" are generated each time a potential customer browses to the "sample report" website particular to each of Spectora's Clients.

36. On information and belief, when the potential customer browses to this "sample report" website, Defendant Spectora makes a copy of the relevant Existing Report, edits certain information within that Existing Report, and then publicly displays the edited report (each a "Spectora Report").

37. On information and belief, the substantive content of each Sample Report is the same as that of the Existing Report, and the only data Defendant Spectora removes from the copy it creates is related to personally identifiable information.

**Defendant's Unlawful Conduct**

38. Despite ReportHost's diligence to eliminate unlawful copying and distribution of its proprietary narratives, ReportHost's research has revealed that Defendant has engaged in unlawful and infringing conduct.

39. On or about February 23, 2019, ReportHost received an anonymous tip via email that Defendant Spectora was hosting one or more of ReportHost's data templates in the Spectora Library.

40. ReportHost contacted Spectora concerning this hosting, and Spectora informed

ReportHost the offending data templates had been deleted from the Spectora Library.

### The Library

41.     On information and belief, the Spectora Library contains a limited number of data templates.

42.     On information and belief, Defendant Spectora offers the Spectora Library to its consumers for their use as part of its business.

43.     On information and belief, at least one of the data templates in the Spectora Library is conspicuously labeled "ReportHost" and is displayed to Spectora's consumers.

44.     On information and belief, at least one Spectora Client has used an unauthorized reproduction of a ReportHost data template that was made available in the Spectora Library after March 12, 2020.

### The Sample Reports

45.     In early 2020, ReportHost discovered a number of "sample reports" on Defendant Spectora's website that contained a large quantity of the content from ReportHosts' data templates.

46.     On March 12, 2020, ReportHost wrote to Defendant Spectora, identifying its concerns that Defendant Spectora facilitated and induced the unlawful reproduction of the Copyrighted Works and its concern that Spectora may be reproducing ReportHost's Copyrighted Works on its internal servers.

47.     ReportHost began monitoring Spectora's public displays of "sample reports" and evaluating each one to determine if they were copies of content in the ReportHost data templates.

### The Takedowns

48.     ReportHost carefully evaluated and evaluates "sample reports" and, if there is any question concerning whether the offending "sample report" copies ReportHost's

Copyrighted Works, ReportHost does not pursue action relevant to that particular "sample report."

49. If it is clear that a "sample report" reproduces the Copyrighted Works verbatim or near-verbatim, and to an appreciable degree, ReportHost drafts and submits a takedown request to Defendant Spectora that is compliant with the Digital Millennium Copyright Act.

50. Many "sample reports" are such verbatim reproductions that they contain hyperlinks to information hosted on ReportHost's platform, reproducing the language that explicitly uses ReportHost's URL.

51. These ReportHost URLs serve two purposes: to assist home inspectors in giving information to home inspector clients that are not part of the data template offering, and to assist ReportHost in locating infringing copies of its Copyrighted Works.

52. Since 2020, ReportHost has submitted hundreds of takedown requests to Defendant Spectora after identifying verbatim or near-verbatim reproduction of the Copyrighted Workss in the "sample reports."

53. On information and belief, when Defendant Spectora receives a takedown notice from ReportHost, Spectora does not remove the content itself.

54. On information and belief, when Defendant Spectora receives a takedown notice from ReportHost, it informs the relevant Spectora Client of the notice and waits for the Spectora Client to voluntarily remove the relevant content.

55. On September 17, 2021, Defendant Spectora informed ReportHost that it was implementing a "self-serve tool" for ReportHost's takedown notices.

56. On October 21, 2021, ReportHost informed Defendant Spectora that it did not wish to use the tool but desired to "continue to send our requests to Spectora's DMCA agent."

57. That same day, Defendant Spectora stated it would not accept additional notices sent to Spectora's DMCA agent but instead that the "tool is the only method we will accept

these DMCA takedown requests. Please use this tool if you wish to have these requests processed."

58. ReportHost continued to submit its takedown notices to Spectora's DMCA designated agent, because this notice procedure, and no other, is expressly set forth in the DMCA.

59. Defendant Spectora has ignored these takedown notices.

60. The majority of the takedown notices submitted by ReportHost to Spectora in September 2021 and October 2021 are still active.

61. On information and belief, Defendant have directly and indirectly profited from their unauthorized and illegal use of the Copyrighted Works.

62. Defendant have knowledge that rights in the Copyrighted Works are owned by ReportHost and that Defendant are acting without authorization.

63. Defendant knew, or had reason to know, of the direct infringement and induced or materially contributed to the infringement.

64. ReportHost's remedy at law is inadequate to compensate it fully for its injuries. Unless enjoined, Defendant' actions will likely continue, causing irreparable damage to ReportHost. It would be extremely difficult or impossible to estimate the amount of compensation necessary to afford ReportHost complete monetary relief for continuing acts damaging ReportHost's intangible assets and goodwill. Absent injunctive relief, ReportHost will continue to be harmed by Defendant' infringing activities.

## COUNT I

### Copyright Infringement Against All Defendant
**(17 U.S.C. § 501)**

65. ReportHost incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

66. ReportHost is the owner of exclusive rights in the Copyrighted Works, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. Section 501 *et seq.*

67. Defendant did not have ReportHost's authorization to use, distribute, publish, or copy the Copyrighted Works.

68. Defendant Spectora makes unlawful copies of the Copyrighted Works available to Spectora Clients.

69. Defendant Spectora has designed and uses software that reproduces the Existing Reports to create "sample reports."

70. ReportHost has informed Defendant Spectora that many of the "sample reports" violate the Copyrighted Works.

71. Defendant Spectora has actual knowledge that the Existing Reports are infringing.

72. Defendant Spectora is at least aware of facts or circumstances from which the Existing Repots' infringing activity is apparent.

73. Defendant Spectora has not, in the past two years, removed a single Existing Report from its system.

74. On information and belief, Defendant Spectora continues to make reproductions of Existing Reports.

75. Defendant's unauthorized actions infringed ReportHost's exclusive rights granted by the Copyright Act, 17 U.S.C. § 106.

76. Defendant's acts of infringement are willful, in disregard of and with indifference to ReportHost's rights.

77. On information and belief, Defendant profited from its unlawful actions.

78. As a direct and proximate result of the infringements by Defendant, ReportHost is entitled to actual damages and Defendant's ill-gotten profits in amounts to be proven at trial.

79. Alternatively, at its election, ReportHost is entitled to statutory damages, up to the maximum amount of $150,000 per infringing work for Defendant's willful infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

80. As a direct and proximate result of Defendant's acts and conduct, ReportHost has sustained and will sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will likely continue to infringe Plaintiff's rights in the Copyrighted Works. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT II
### Vicarious Copyright Infringement Against Spectora

81. ReportHost incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

82. ReportHost is the owner of exclusive rights in the Copyrighted Works, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*

83. On information and belief, Defendant Spectora has a direct financial interest in the infringing activity of Spectora's Clients by profiting from the home inspection reports created and sold by Spectora's Clients.

84. On information and belief, Defendant Spectora's software has the ability to edit home inspection repots uploaded to its system in a targeted fashion.

85. On information and belief, Defendant Spectora has access to the Copyrighted Works in full.

86. On information and belief, Defendant Spectora has the right and ability to therefore supervise the infringing activity of Spectora's Clients, at least as relevant to Spectora's Clients' creation of home inspection reports.

87. Defendant did not have ReportHost's authorization to use, distribute, publish, or

copy the Copyrighted Works, nor to permit or authorize Spectora's Clients to use, distribute, publish, or copy the Copyrighted Works.

88. Defendant Spectora failed to stop Spectora's Clients from using, distributing, publishing, or copying the Copyrighted Works.

89. On information and belief, Defendant profited from the direct infringement by Spectora's Clients because Spectora's Clients are attracted to Spectora's platform because it enables them to use the Copyrighted Works without using ReportHost's platform.

90. Defendant Spectora's offering of the Copyrighted Works outside of ReportHost's platform acts as a draw to Spectora's Clients.

91. As a direct and proximate result of the vicarious infringement by Defendant, ReportHost is entitled to actual damages and Defendant's ill-gotten profits in amounts to be proven at trial.

92. Alternatively, at its election, ReportHost is entitled to statutory damages, up to the maximum amount of $150,000 per infringing work for Defendant's vicarious infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

93. As a direct and proximate result of Spectora's acts and conduct, ReportHost has sustained and will sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will likely continue to infringe Plaintiff's rights in the Copyrighted Works. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT III
### Contributory Copyright Infringement Against Spectora

94. ReportHost incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint

95. ReportHost is the owner of exclusive rights in the Copyrighted Works, and is

entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*

96. On information and belief, Defendant Spectora made the Copyrighted Works available to Spectora's Clients in the Spectora Library without authorization.

97. Spectora's Clients reproduce the Copyrighted Works in home inspection reports, which are created, published, and stored in Defendant Spectora's platform.

98. On information and belief, Defendant Spectora knew or had reason to know of the direct infringement of Spectora's Clients.

99. On information and belief, Defendant Spectora encouraged or assisted Spectora's Clients in unlawfully using the Copyrighted Works to create home inspection reports.

100. On information and belief, Defendant Spectora provided tools to Spectora's Clients to enable their infringement, thereby materially contributing to the infringement.

101. On information and belief, Defendant Spectora encouraged Spectora's Clients to use Defendant Spectora's data templates containing the Copyrighted Works, thereby inducing the infringement.

102. Defendant Spectora has been provided with the full and complete deposit copies of the Copyrighted Works.

103. Defendant Spectora has available to it simple measures to prevent Spectora's Clients' infringing conduct, yet continued and continues to provide access to the infringing works.

104. On information and belief, Defendant Spectora has a direct financial interest in the infringing activity of Spectora's Clients, by profiting from collecting fees from its customers in exchange for, *inter alia*, providing narrative elements used to populate the home inspection reports created and sold by Spectora's Clients.

105. Defendant did not have ReportHost's authorization to use, distribute, publish, or

copy the Copyrighted Works, nor to permit or authorize Spectora's Clients to use, distribute, publish, or copy the Copyrighted Works.

106. Defendant Spectora failed to remove the material containing the Copyrighted Works from its services and instead encouraged and assisted Spectora's Clients in using, distributing, publishing, and copying the Copyrighted Works.

107. As a direct and proximate result of the contributory infringement by Defendant Spectora, ReportHost is entitled to actual damages and Defendant Spectora's ill-gotten profits in amounts to be proven at trial.

108. As a direct and proximate result of Defendant Spectora's acts and conduct, ReportHost has sustained and will sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant Spectora will likely continue to infringe Plaintiff's rights in the Copyrighted Works. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT IV

### False Association
### (15 U.S.C. § 1125(a))

109. ReportHost incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

110. On information and belief, Defendant Spectora used and uses ReportHost's name on at least one unlawful copy of the Copyrighted Works in the Spectora Library.

111. On information and belief, Defendant Spectora published and made available several home inspection reports that included URLs pointing to ReportHost's website, which appear in the original Copyrighted Works.

112. ReportHost owns valid trademark rights in its REPORTHOST trademark, and has registered REPORTHOST with the USPTO as Reg. No. 6,321,091.

113. Defendant Spectora's use of ReportHost's trademark name in association with Defendant's services is likely to cause confusion concerning the origin or sponsorship of Defendant Spectora's services.

114. Defendant Spectora's use of ReportHost's URLs in association with Defendant's services is likely to cause confusion concerning the origin or sponsorship of Defendant Spectora's services.

115. Specifically, consumers, including Spectora's Clients, are likely to believe there is an association between Spectora and ReportHost based on Spectora's use of ReportHost's trademarks and the Copyrighted Works.

116. As a direct and proximate result of the Defendant Spectora's actions, ReportHost is entitled to actual damages and Defendant Spectora's ill-gotten profits in amounts to be proven at trial.

117. As a direct and proximate result of Defendant Spectora's acts and conduct, ReportHost has sustained and will sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant Spectora will likely continue to infringe Plaintiff's rights. Plaintiff requests injunctive relief pursuant to 15 U.S.C. § 1116(a).

### COUNT V

**Colorado Consumer Protection Act**
**(C.R.S. 6-1-105)**

118. ReportHost incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

119. Defendant Spectora knowingly or recklessly used ReportHost's trademark, its URLs, and its content in association with the marketing, sale, or provision of services to Spectora Clients.

120. Specifically, Defendant Spectora made templates bearing ReportHost's name available for use by Spectora Clients and encouraged Spectora Clients to use them.

121. Specifically, Defendant Spectora copied and published reports containing ReportHost's URLs.

122. Specifically, Defendant Spectora edited the Copyrighted Works so that Spectora Clients could use ReportHost-sourced materials as "sample reports" available on the Spectora website.

123. Defendant Spectora's actions significantly impact the public as actual or potential consumers of ReportHost's services are likely to be confused as to source, or may be diverted from subscribing to ReportHost's services.

124. As a direct and proximate result of the Defendant Spectora's actions, ReportHost has suffered injury in the form of lost customers, lost profit, and lost goodwill, and is entitled to actual damages.

### COUNT VI

**Permanent Injunction
Against All Defendant
(17 U.S.C. § 502(a))**

125. ReportHost incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

126. Defendant has created "sample reports" using ReportHost's Copyrighted Works. Defendant has failed to confirm that it will cease using the unauthorized narratives.

127. Defendant provides tools specifically for the use of manipulation, publishing, using, and copying material containing ReportHost's Copyrighted Works. Defendant has failed to confirm it will cease providing these services.

128. Defendant has the ability and right to control the content Spectora's Clients reproduce on the Spectora platform but fails to do so.

129. Defendant used ReportHost's name and proprietary content and has failed to confirm it will cease using ReportHost's name and proprietary content.

130. Defendant's blatant disregard for the law shows that it is likely to continue to engage in future wrongful conduct.

131. ReportHost does not have an adequate remedy at law to guard against future infringement by Defendant.

132. ReportHost requests a permanent injunction be entered against Defendant prohibiting continued infringement of ReportHost's copyrights pursuant to 17 U.S.C. § 502(a) and 15 U.S.C. § 1116(a).

## **PRAYER FOR RELIEF**

Plaintiff ReportHost Inc. prays for judgment against Defendant and all their affiliates, agents, servants, employees, partners and all persons in active concert or participation with them, for the following relief:

1. Award Plaintiff actual damages and Defendant' profits; alternatively, at Plaintiff's election, award the maximum statutory damages for each work infringed; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

2. Issue an order permanently enjoining Defendant, and all persons acting in concert or participation with them, from infringing any of Plaintiff's exclusive rights under 17 U.S.C. § 106 and 15 U.S.C. 1125(a).

3. Award Plaintiff its costs and attorney fees.

4. For other and further relief, in law or in equity, to which Plaintiff may be entitled or which the Court deems just and proper.

/ / /

/ / /

      Respectfully submitted this 23rd day of February, 2022.

/s/ Ethan B. Vodde
Lee & Hayes, PC
601 W Riverside Ave, Ste 1400
Spokane, WA 99201
Telephone: (509) 944-4684
Fax: (509) 324-8979
E-mail: ethan.vodde@leehayes.com
Attorneys for Plaintiff ReportHost LLC