IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:22-cv-00457-DDD-SKC**

REPORTHOST LLC,

    Plaintiff,

v.

SPECTORA INC.,

Defendant.

---

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER**

---

Plaintiff ReportHost LLC ("Plaintiff") and Defendant Spectora Inc. ("Defendant") (collectively, the "Parties") hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.  General Principles.**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) should be applied in each case when formulating a discovery plan.  To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably

1

targeted, clear, and as specific as possible.

### B. ESI Disclosures

Within 30 days after the execution of this ESI Agreement by counsel for both parties, or at a later time if agreed to by the parties, each party shall disclose:

1. Custodians. The three custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2. Non-custodial Data Sources. A list of non-custodial data sources (e.g., shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

### C. Preservation of ESI.

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a. Deleted, slack, fragmented, or other data only accessible by forensics.

b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

d. Data in metadata fields that are frequently updated automatically (see also Section (E)(6)).

e. Back-up data that are duplicative of data that are more accessible elsewhere.

f. Server, system, or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use, provided that data is saved elsewhere.

h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

The parties agree to confer on any other categories of ESI that may not need to be preserved and to determine whether the parties can agree that such categories can be added to the non-preservation list in Section C(3) above.

**D.     Privilege.**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2. With respect to privileged or work-product information generated after the filing of the complaint on February 23, 2022, Parties are not required to include any such information in privilege logs.

3. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

4. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party promptly provides notice of the inadvertent production.

### E. ESI Discovery Procedures.

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology</u>.  After the parties have made good faith efforts to produce discoverable documents under Rule 26, should the need arise, the parties agree to confer to attempt to reach an agreement on appropriate search terms, queries, file type and/or date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided.  The parties further agree to cooperate in revising the appropriateness of the search methodology, as necessary.

3. <u>Format.</u>

a. ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files

for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF documents separated by natural document breaks.

      b. Files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

      c. Each document image file shall be named with a unique number (Bates Number). When a text-searchable image file is produced, the producing party must take reasonable steps to preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

      d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document, unless the attachments are non-responsive to an outstanding discovery request.

      4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources, and the duplicate custodian information may be removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

      5. <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

      6. <u>Metadata fields.</u> The parties agree that the following metadata fields need be produced, to the extent it is reasonably accessible and non-privileged: document type; custodian;

author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file extension; date and time created, sent, and modified and/or received; hash value; and MD5.  The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

DATED at Denver, Colorado, this _____ day _____, 2023.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/  Caleb Hatch* | */s/ Brian Auerbach (with permission)* |
| Caleb A. Hatch | Brian Auerbach |
| Lee & Hayes, P.C. | BALLARD SPAHR LLP |
| 601 W Riverside Ave, Ste 1400 | 1735 Market Street, 51st Floor |
| Spokane, WA 99201 | Philadelphia, PA  19103-7599 |
| Telephone: (509) 944-4655 | Telephone:  215.864.8839 |
| Fax: (509) 324-8979 | Facsimile:  215.864.8999 |
| E-mail: caleb.hatch@leehayes.com | Email: auerbachb@ballardspahr.com |
| | |
| *Attorneys for Plaintiff ReportHost LLC* | *Attorneys for Defendant Spectora, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2023, I caused to be electronically filed the foregoing AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address: auerbachb@ballardspahr.com

                s/ Caleb Hatch
                Caleb A. Hatch
                Lee & Hayes, P.C.
                601 W Riverside Ave, Ste 1400
                Spokane, WA 99201
                Telephone: (509) 944-4655
                Fax: (509) 324-8979
                E-mail: caleb.hatch@leehayes.com
                ***Attorneys for Plaintiff ReportHost LLC***