IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:22-cv-00457-DDD-SKC**

REPORTHOST LLC,

    Plaintiff,

v.

SPECTORA INC.,

Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Having reviewed the proposal regarding the parties' request for a protective order, and being so persuaded, the Court orders as follows:

**1.   PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information of the Parties (and third parties) for which special protection may be warranted. Accordingly, the Parties petition the Court to enter the following Stipulated Protective Order, which shall apply to all discovery in this action, including third-party discovery. The Parties acknowledge that this agreement does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the Parties to file confidential information under seal.

**2. "CONFIDENTIAL" MATERIAL**

"Confidential" material may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The following documents and tangible things produced or otherwise exchanged may be designated "CONFIDENTIAL":

1. Documents containing financial information of one or more of the Parties (or third parties);

2. Documents subject to contractual confidentiality provisions;

3. Settlement communications and agreements;

4. Documents containing information related to the marketing, pricing, and delivery of the goods or services of one or more the Parties (or third parties);

5. Documents containing information related to competitively sensitive information regarding the customers of one or more of the Parties (or third parties);

6. Documents containing information related to trade secrets of one or more of the Parties (or third parties) and proprietary information including product development activities;

7. Documents containing information related to business or legal processes and methods of one or more of the Parties (or third parties);

8. Documents containing information related to confidential and/or proprietary manufacturing and testing methods of one or more of the Parties (or third parties); and

9. Documents containing personally identifiable information pertaining to any individuals.

The following documents and tangible things produced or otherwise exchanged may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

Documents and tangible things produced or otherwise exchanged that would fall

under the categories listed above but that the designating party in good faith reasonably believes to contain information of a particularly sensitive or confidential nature that warrants further restricted disclosure, such as information the disclosure of which to another party or non-party would create a substantial risk of serious harm to the designating party or a third party that could not be avoided by less restrictive means.

**3.    SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that the designating party placed within the public domain or becomes part of the public domain through trial or otherwise.

**4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

**4.1    Basic Principles**. A receiving party may use confidential material disclosed or produced by another party or by a non-party in connection with this case and that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**4.2    Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any material designated "CONFIDENTIAL" only to:

(a) the receiving party's outside counsel of record in this action, as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff;

(e) copy, document management, electronic discovery, or imaging service providers retained by counsel to assist in the management and duplication of confidential material, provided that such service provider has agreed in writing to use any confidential material only to perform services for the party that has retained it in this litigation, not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material upon completion of the service;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless subsection (g) applies, otherwise agreed by the designating party, or ordered by the Court (with the further requirement that pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) mock trial and jury consultants, including, but not limited to, mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i) any mediator retained by the Parties or appointed by the Court in this action

and employees of such mediator who are assisting in the conduct of the mediation, provided that such mediator has agreed in writing to maintain the confidentiality of confidential information received in this action.

**4.3** **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material only to:

(a) the receiving party's outside counsel of record in this action, as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts and consultants, and the personnel and support staff of those experts and consultants, to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures and requirements set forth in paragraph 4.4 have been satisfied;

(c) the Court, court personnel, and court reporters and their staff;

(d) copy, document management, electronic discovery, or imaging service providers retained by counsel to assist in the management and duplication of confidential material, provided that such service provider has agreed in writing to use any confidential material only to perform services for the party that has retained it in this litigation, not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material upon completion of the service;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator retained by the Parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation, provided that

such mediator has agreed in writing to maintain the confidentiality of confidential information received in this action.

**4.4** **Challenging Expert or Consultant.** A receiving party that wishes to provide "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material received from a producing party to an expert or consultant shall first provide the producing party with: (i) a current curriculum vitae for the expert or consultant, which shall include a description of past and present employers by whom the expert or consultant has been employed and (subject to the second sentence of this paragraph) persons or entities by whom the expert or consultant has been engaged in any consulting or expert engagements within the last five years, as well as a general description of the nature of such engagements and identify whether the expert has worked on behalf of the party, and (ii) a copy of a completed and signed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Counsel for the party giving such person access to the material shall be responsible for securing such a writing and shall be the custodian of the writing. If an expert or consultant is precluded by virtue of a non-disclosure agreement from disclosing either the existence or nature of any such engagement or the identity of the entity for which the services were or are being performed, then the expert or consultant shall state that certain information is being withheld on that basis, and shall supplement his/her disclosure with such additional information as he/she believes would be helpful to the Parties and the Court in determining whether any undisclosed consulting relationship would create a likelihood that the expert or consultant would have a conflict of interest in the engagement for this litigation, or should otherwise be precluded from acting as an expert or consultant in this litigation.

(a) Within seven days after the producing party's receipt of the information described in paragraph 4.4 and the signed undertaking in the form of Exhibit A, the producing party may object in writing to the proposed expert or consultant if facts available to that party show there is a reasonable likelihood disclosure of the confidential material to the proposed expert or

consultant would create a risk of harm to the producing party. Failure to object in writing to a proposed expert or consultant within seven days will be deemed a waiver of any objection to the proposed expert or consultant.

(b)     If the producing party objects to the proposed expert or consultant, the Parties shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court. If the Parties' dispute remains unresolved seven days following the producing party's communication of its objection, the producing party may seek a ruling from the Court on the merits of the producing party's objection. Pending a ruling by the Court, the proposed expert or consultant shall not have access to material or information designated by the producing party unless such access has been previously approved. Failure to seek a ruling from the Court as described above within fourteen days following the producing party's initial communication of its objection will be deemed a waiver of any objection to the proposed expert or consultant.

**4.5     Filing Confidential Material.**

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation or whether the document can be redacted. In the event there is no agreement following a conference between counsel, a Party which wishes to use any CONFIDENTIAL or HIGHLY CONFIDENTIAL material or any papers containing or making reference to the content of such material in any pleading or document filed with the Court in the Action, such pleading or document and any appended Protected Material shall be filed under seal pursuant to the Local Rules for the District of Colorado Rule 7.2 until such time as the Court orders otherwise or denies permission to file under seal. A document containing "CONFIDENTIAL" Information shall be filed under Level 1 restriction. A document containing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be filed under Level 2 restriction, and a copy of the under-seal filing shall be served by email on counsel of record

for all parties. If no motion to restrict is filed within the Court-ordered deadline, the restriction shall expire and the document shall be open to public inspection, until such time that the Court orders otherwise.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection.** Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designation may be applied to the entirety of a document. However, upon reasonable request of the opposing party, the producing party must provide a more narrowly designated version of a document previously designated in its entirety, designating for protection only those parts of material, documents, items, or oral or written communications that qualify for protection.

Mass, indiscriminate, or routinized designations and mass, indiscriminate, or routinized requests for narrower designations of documents designated in their entirety are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2     Manner and Timing of Designations.** Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (e.g., paper or electronic documents and

deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each document. To the extent reasonably practicable, the designation shall also be included in a data field reserved for confidentiality designations in the load file metadata for each document exchanged electronically.

(b) Testimony given in deposition or in other pretrial or trial proceedings: the Parties may identify on the record, during the deposition, hearing, or other proceeding, all testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Until this thirty day period has concluded, if any testimony has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the entirety of the deposition transcript shall be presumptively treated by the receiving party as having been designated by the producing party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; otherwise, until this thirty day period has concluded, the entirety of the deposition transcript shall be presumptively treated by the receiving party as having been designated by the producing party as "CONFIDENTIAL".

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**5.3** **<u>Inadvertent Failures to Designate.</u>** If timely corrected, an inadvertent failure to designate confidential information or items does not, standing alone, waive the designating party's

right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1     Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer.** The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**6.3     Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is

nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. If the producing party makes a claim of inadvertent production with respect to information then in the custody of any receiving party or parties, the receiving party or parties shall promptly return the information to the producing party and the receiving party or parties shall not use such information for any purpose other than in connection with a motion to compel production. The receiving party may then move the Court for an order compelling production of the material, and the motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. This paragraph should not be interpreted to abrogate any legal rights and obligations of the Parties with respect to inadvertent disclosures of privileged information under any applicable rules of evidence or of professional conduct. This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  In such circumstance, Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

**10.     NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must destroy or return all confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the Parties may agree upon appropriate methods of destruction.  Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

DATED at Denver, Colorado, this 25th day of May, 2023. BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Caleb Hatch* | */s/ Brian Auerbach (with permission)* |
| Caleb A. Hatch | Brian Auerbach |
| Lee & Hayes, P.C. | BALLARD SPAHR LLP |
| 601 W Riverside Ave, Ste 1400 | 1735 Market Street, 51st Floor |
| Spokane, WA 99201 | Philadelphia, PA  19103-7599 |
| Telephone: (509) 944-4655 | Telephone:  215.864.8839 |
| Fax: (509) 324-8979 | Facsimile:  215.864.8999 |
| E-mail: caleb.hatch@leehayes.com | Email: auerbachb@ballardspahr.com |
| ***Attorneys for Plaintiff ReportHost LLC*** | ***Attorneys for Defendant Spectora, Inc.*** |

## **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on _____ in the case of *ReportHost LLC v. Spectora Inc.* (Case No. 1:22-cv-00457-DDD-SKC). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____